## ABRAHAM PIERCE v. ROBERT PATTERSON.

Supreme Court. Kent. October, 1815.

*Clayton's Notebook, 53.*

CHIEF JUSTICE JOHNS then read his report of the case in Sussex. It was the case of *Elliott's Lessee v. Robert Bloxom and Mosely.* Motion for new trial on three grounds, the last of which was that the jury had decided by lots. Tristram Handy, who acted as bailiff to the jury, swore that from circumstances he believed the jury drew lots. Robinson then offered a juror to prove it also. Vandyke objected. Robinson cited 6 Bac.Abr. 657, Wilson's Notes, 4 Dall. 112 (in 1792). The court did not decide this last question, holding the evidence of the bailiff sufficient, and therefore a new trial was granted on paying the costs of the trial term, and on the rule.

*Clayton,* for Pierce, cited 4 Binn. 155, 5 Burr. 2687. The bailiff would criminate himself; he is to accuse himself of gross misconduct and perjury.

*Ridgely.* The sum of their objection is that the bailiff shall not be compelled to criminate himself. Here he is willing. The rule of law never went further.

JOHNS, C. J. The bailiff is admissible, *ex necessitate rei.*

Robert Catlin then swore the jury were equally divided—six against six—and, finding it impossible to agree in any other way on a verdict, drew lots. Twelve plaintiff's and twelve defendant's were put in a hat, and seven plaintiff's being drawn and five defendant's out of the first twelve, they came down with a verdict for plaintiff. (Pierce).

Defendant then offered several of the jury to prove the same. (As to which see 1 Str. 642, note.) The Court said it was unnecessary, and they would not hastily decide so important a question.

PER CURIAM. We are unanimously of opinion that the verdict should be set aside and a new trial granted. 5 Com.Dig. 505, Bull.N.P. 352, 2 Tidd Pr. 817, 1 Str. 642.

DAVIS, J., said he was decidedly of opinion that the testimony was inadmissible, but the bailiff having sworn to the drawing of lots, he concurred that a new trial ought to be granted.

On the question of costs, *Hall* contended that in all cases of verdicts set aside where there was no fault imputable to the parties, it was done on the payment of costs. He cited four cases in the Court of Common Pleas in which new trials had been granted on payment of costs: (1) *Lessee of Baker and Comegys v. Dawson and Brinckle,* in which the Court directed the plaintiff to be called, but he refused to submit to a nonsuit, and the jury afterwards found a verdict for him, new trial granted May Term, 1803; (2) *Barker v. Reynolds;* (3) *Reynolds v. Moore and Smith,* new trial May, 1807, because verdict was against law and evidence; (4) *Harper and Harper v. Bailly,* new trial May, 1802, on the ground of misconduct in one of the jurors.

*Brinckle.* The question of costs on granting new trials is subject to no precise rules. Every case depends upon its own particular circumstances. We shall content ourselves with referring the Court to but two of the numerous cases in which verdicts have been set aside without costs. First, 2 Burr. 1228, because the verdict was contrary to law. Second, 1 Str. 642, where the jury drew lots.

PER CURIAM. Defendant must pay the costs of the term. Though we would not be understood as laying this down as the universal rule, we strongly incline to such an opinion.

*Clayton* and *Hall,* plaintiff's counsel. *Brinckle* and *Ridgely,* for defendant.

---

Wednesday, 25th. This cause being mentioned today, the CHIEF JUSTICE took occasion to say he much doubted the propriety of the rule laid down the day before on granting new trials.

And afterwards Abraham Pierce, the plaintiff in this case, filed an affidavit charging Catlin, the bailiff, with speaking to the jury, contrary to his oath, and with having offered to draw lots with the jury. Wherefore, on motion of *Clayton* and *Hall,* the Court granted a rule on Catlin to show cause why an attachment should not issue against him.